**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
(Bid Protest)

_____
                                        )
CMS CONTRACT MANAGEMENT                 )
SERVICES ET AL.,                        )
                                        )
                    Plaintiffs,         )      No. 12-852C (and consolidated cases)
                                        )
        v.                              )      Judge Thomas C. Wheeler
                                        )
THE UNITED STATES,                      )
                                        )
                    Defendant,          )
        and                             )
                                        )
MASSACHUSETTS HOUSING                   )
FINANCE AGENCY,                         )
                                        )
                    Intervenor.         )
_____)

**NATIONAL COUNCIL OF STATE HOUSING AGENCIES' RESPONSE TO
PLAINTIFFS' OPPOSITION TO MOTION TO PARTICIPATE AS _AMICUS CURIAE_**

The National Council of State Housing Agencies ("NCSHA" or "Council") hereby responds to the briefs filed by various Plaintiffs in opposition to NCSHA's motion for leave to participate as _amicus curiae_ in these consolidated protests.  Notwithstanding the Plaintiffs' opposition, and in light of Defendant's and Intervenor's lack of objection to NCSHA's motion, the Court should grant the motion and allow the Council to participate as _amicus curiae_ because it will provide the Court with information and argument useful for the effective adjudication of the protests.

As the Plaintiffs acknowledge in their opposition filings, the participation of an _amicus curiae_ lies wholly within the discretion of the court.  _Wolfchild v. United States_, 62 Fed.C1. 521, 536 (2004), rev'd on other grounds, 559 F.3d 1228 (Fed. Cir. 2009) (citing _Fluor Corp. v. United States_, 35 Fed. Cl. 284, 285 (1996); _American Satellite Co. v. United States_, 22 Cl. Ct. 547, 549

(1991)).  "In exercising this discretion, courts have considered such factors as:  whether the parties oppose the motion, the strength of information and argument presented by the potential *amicus curiae*'s interests, the partisanship of the moving entity, the adequacy of the current representation, the timeliness of the motion, and, perhaps most importantly, the usefulness of information and argument presented by the potential *amicus curiae* to the court."  *Wolfchild*, 62 Fed. C1. at 536 (citations omitted).   Under these factors – and especially in light of the considerable weight given the usefulness of information and argument presented by the potential *amicus curiae* – NCSHA's motion should be granted.

First, and most importantly, NCSHA's almost 40 years of experience as the principal advocate for state Housing Finance Agencies ("HFAs") around the country enables it to provide the Court with useful information and argument regarding the Congressionally established framework of the Department of Housing and Urban Development's ("HUD") Section 8 Project-Based Rental Assistance program and the special role of HFAs within the program – two issues at the core of this protest controversy.  No single HFA or small group of HFAs possesses the breadth of experience and knowledge of federal housing law that NCSHA (and the entirety of its membership) brings to the Court with its *amicus* motion.

NCSHA is a nonprofit, nonpartisan organization created in 1974 by the nation's HFAs to coordinate and leverage their federal advocacy efforts for affordable housing.  Its members are the HFAs of every state, the District of Columbia, New York City, Puerto Rico, and the U.S. Virgin Islands, and over 300 affiliate members in the affordable housing field.   NCSHA represents its members before Congress, the Administration, and federal agencies in matters related to housing, including HUD, the Department of Agriculture, and the Department of the Treasury, as well as other advocates for affordable housing.

As the principal trade association for the nation's HFAs, NCSHA has played a significant role in shaping nearly every piece of major housing legislation enacted by Congress in recent years, including amendments to the Housing Act of 1937 affecting HUD's Section 8 Project-Based Rental Assistance program.  Indeed, federal agencies and members of Congress often consult with NCSHA for its expertise in federal housing policy and programs.  Through its activities during the past four decades, the Council has developed a special understanding of the history and framework of federal affordable housing law, including the authorizing legislation for HUD's Section 8 programs and the favored role of HFAs intended by Congress to facilitate the federal assistance provided to the states for affordable housing initiatives.

Contrary to the Plaintiffs' contention that NCSHA's advocacy role should dissuade the Court from granting its *amicus* motion, NCSHA's experience enables it to impart knowledge beneficial to the Court that will provide "a more fully balanced set of views on the disputed issues."  *Wolfchild,* 62 Fed. C1. at 537  *See also Hage v. United States*, 35 Fed. Cl. 737, 742 (1996).  The Council's specialized knowledge of the relevant statutory framework and the role of HFAs envisioned by Congress strongly supports the Council's motion on this most important criterion.  *See American Satellite Co. v. United States, supra*, 22 Cl. Ct. at 549 ("Perhaps the most important [criterion] is whether the court is persuaded that participation by the *amicus* will be useful to it, as contrasted with simply strengthening the assertions of one party.").

The Court faces two important questions:  (i) whether the Annual Contribution Contracts ("ACCs") are procurement contracts that must be awarded pursuant to the Competition in Contracting Act ("CICA") or whether HUD may reasonably award the ACCs as cooperative

agreements between HUD and Public Housing Agencies ("PHAs");[1] and (ii) whether HUD's preference for in-state PHAs that can operate lawfully on a statewide basis is reasonable. In its brief, NCSHA offers a new perspective and useful argument on both disputed issues. With respect to the first issue, NCSHA discusses the coextensive and long-standing relationship between HUD and PHAs, and how that relationship is reflected in the statutory framework, which NCSHA helped develop, and the legislative history from which it sprung. *See* NCSHA *Amicus* Brief at 6-8. NCSHA also offers an analysis of the assistance and responsibilities conferred upon PHAs by the ACCs, and how this structure supports HUD's decision to award the ACCs as cooperative agreements. *See id.* at 8-11. Such an analysis is new to this case. Indeed, unlike Intervenor and the other *amici curiae*, NCSHA stands alone in its support for HUD in this regard thereby offering balance to this disputed issue.

With respect to the second issue concerning HUD's preference for in-state PHAs, NCSHA identifies the legal, practical, and administrative reasons that HUD's preference is reasonable, even necessary. *See id.* at 13-18. NCSHA has an unparalleled understanding of HFAs and how state laws permit them to operate on a statewide basis. With this understanding, NCSHA discusses for the Court why HUD's preferences are necessary to avoid conflict with state laws. *See id.* at 13-15. With its decades of experience working with and helping craft pertinent legislation, NCSHA is able to identify for the Court how Congress's well-established reliance on state HFAs to deliver housing assistance aligns with HUD's preference in this case for PHAs that can operate lawfully on a statewide basis. *See id.* at 15-17. NCSHA is also uniquely positioned to highlight for the Court the important distinctions between local PHAs and

---

[1]   As provided in NCSHA's Motion for Leave and its Reply Brief, state HFAs are mission-based, publicly accountable, nonprofit entities created under state law to promote and advance affordable housing in their states and communities. HFAs can be state agencies or quasi-governmental entities, and, as such, are distinguishable from local PHAs.

state HFAs, and how those differences further HUD's policy of providing assistance to the states. *See id.* at 17-18.  For these reasons, the arguments proffered by NCSHA in support of HUD are useful and have heretofore been absent from this case.

Second, while the Plaintiffs contend that their unanimous opposition should convince the Court to deny NCSHA's *amicus* motion, the lack of opposition from the other two parties – Defendant and Intervenor – undermine Plaintiffs' argument.  NCSHA's motion is unlike other *amicus curiae* motions denied by the court in which <u>all</u> of the parties – <u>both</u> plaintiffs <u>and</u> defendant – expressly opposed the motion.  *See Advanced Systems Technology, Inc. v. United States,* 69 Fed. Cl. 355, 357 (2006); *Fluor Corp. v. United States, supra*, 35 Fed. Cl. at 285; *American Satellite Co. v. United States,* 22 Cl. Ct. at 549.  When there is a split in the parties' views of the potential *amicus curiae*, the Court should consider these circumstances to be a neutral factor in the decision whether to allow *amicus* participation in the case.  Notably, in the *Wolfchild* case, the Court encountered a difference in the plaintiffs' and defendant's reactions to an *amicus* motion, and concluded that these circumstances constituted a neutral factor for adjudication of the motion.  *See Wolfchild,* 62 Fed. C1. at 537 (Plaintiffs opposed the amicus curiae motion, but the Government either supported or was neutral to the requested *amicus curiae* participation).  Similarly, the Court should not consider the Plaintiffs' opposition as weighing against NCSHA's motion for *amicus curiae* participation in this action.

Third, Plaintiffs argue that NCSHA is partisan in its alignment with Defendant's position in the protests, and the Council's interests are adequately represented by the United States and Intervenor, an HFA and NCSHA member.  While it is accurate that NCSHA supports HUD's position in this litigation, the Council's interests are separate and independent from those of the Government; and, most importantly, the Council brings a different perspective of the federal

housing legislation pertinent to the dispute, especially the role of its constituent HFAs in this legal framework.

Furthermore, although Intervenor, Massachusetts Housing Finance Agency ("MHFA"), is a member of NCSHA, the Council represents its membership as a whole.  Any one member or small group of members – whether MHFA or the other NCSHA members now seeking *amicus* status – has its own particular interests which may not be consistent with the Council's advocacy for its membership as a whole.[2]  Indeed, a comparison of the reply brief filed by NCSHA to those filed by Intervenor and the other potential *amicus curiae* confirm this variety of perspectives, arguments, and interests.

As a practical matter, NCSHA's motion to participate as *amicus curiae* is the only opportunity for its members, as a whole, to have a voice in the protests.  Contrary to one argument made by the Plaintiffs, NCSHA would not have been permitted to intervene or otherwise participate in the protests before the U.S. Government Accountability Office ("GAO").  *Compare* AHSC, NTHDC and CAHI Opposition at 7.  NCSHA was not an "interested party" permitted to intervene in the GAO protests; and *amicus curiae* participation is not allowed under GAO's protest rules.  *See* 4 C.F.R. Part 21.  Neither does NCSHA have standing to participate in this protest as a party or to initiate its own action before the Court.  In this regard, NCSHA stands in stark contrast to the party denied *amicus* participation by the Court in the *American Satellite Company* case, where the movant was poised to file its own suit against the United

---

[2]  Plaintiffs point out that NCSHA's members play a role in the Council's management and advocacy activities, and argue that this demonstrates a commonality of interest between NCSHA and Intervenor which should persuade the Court to deny the amicus motion.  The participation of a trade association's members in its management and activities should not be surprising, and neither does it show that any one member (or small group of members) has interests at any particular time completely consistent with the membership as a whole.  The fact remains that the interests of the nation's HFAs as a whole are not represented before the Court, and NCSHA's motion should be granted.

States and the outcome of the case before the Court would not directly affect the movant's rights. 22 Cl. Ct. at 549.

Finally, NCSHA's motion to participate as *amicus curiae* is sufficiently timely, and granting the motion will neither unduly delay the schedule for the proceedings or otherwise prejudice any party.  NCSHA filed its *amicus* motion on January 24, 2013.  As directed by the Court, NCSHA filed its *amicus* brief and a motion for leave on January 30, 2013, consistent with the established schedule for the filing of reply briefs by Defendant and Intervenor.  Under the current schedule, Plaintiffs will file their reply briefs on February 8, 2014.  Despite their opposition to the *amicus* motion, Plaintiffs will have an opportunity to respond to NCSHA's *amicus* brief at that time.  Plaintiffs also can address any aspect of NCSHA's brief during oral argument, scheduled for February 19, 2013.  Thus, it is clear that granting the motion and permitting the Council to participate as *amicus curiae* in the protests will be neither disruptive to the proceedings nor unfair to any of the parties.

For these reasons, NCSHA requests that the Court grant the motion for leave to participate as *amicus curiae* in these protests.

Respectfully submitted,


/s/Kevin P. Mullen_____
Kevin P. Mullen, Esq.
JENNER & BLOCK LLP
1099 New York Avenue, NW
Washington, D.C. 20001
Tel (202) 639-6024
Fax (202) 661-4827
Attorney of Record for *Amicus Curiae*
National Council of State Housing Agencies

Of Counsel:
Charles L. Capito, III, Esq.
JENNER & BLOCK, LLP

Dated:  January 31, 2013

**CERTIFICATE OF SERVICE**

  I hereby certify that on this 31st day of January 2013, the National Council of State Housing Agencies' ("NCSHA") Response to Plaintiffs' Oppositions to NCSHA's Motion to Participate as *Amicus Curiae* were served upon the parties through the Court's electronic filing system.


        /s/ Kevin P. Mullen
        Kevin P. Mullen