BID PROTEST

No. 12-852C (Consolidated)
(Honorable Thomas C. Wheeler)

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

CMS CONTRACT MANAGEMENT SERVICES, et al.,
Plaintiffs,

v.

THE UNITED STATES OF AMERICA,
Defendant.

**RESPONSE OF *AMICI* THE NEW MEXICO MORTGAGE FINANCE AUTHORITY, ARIZONA DEPARTMENT OF HOUSING, DELAWARE STATE HOUSING AUTHORITY, KENTUCKY HOUSING CORPORATION, RHODE ISLAND HOUSING AND WEST VIRGINIA HOUSING DEVELOPMENT FUND TO PLAINTIFFS' OPPOSITION TO MOTIONS FOR LEAVE TO FILE *AMICUS* BRIEFS**

Pursuant to the Court's Order, dated January 30, 2013 (Docket Entry 43), and on behalf of the New Mexico Mortgage Finance Authority, Arizona Department of Housing, Delaware State Housing Authority, Kentucky Housing Corporation, Rhode Island Housing and West Virginia Housing Development Fund (collectively "*Amici*"), the *Amici* hereby respond to the opposition briefs filed by the plaintiffs to the motion of the National Council of State Housing Agencies ("NCSHA") for leave to file an *amicus curiae* brief in support of the United States.

The plaintiffs' opposition briefs essentially raise the same arguments against the Court's granting the NCSHA motion for leave to participate in these proceedings as an *amicus*. This response will not address the plaintiffs' arguments as they pertain specifically to NCSHA, except to observe that many of those arguments are clearly distinguishable in terms of their applicability to the *Amici*'s bases for participating as explained in their motion (Docket Entry 38). Instead, to

the extent not already addressed in the *Amici*'s motion, we address the factors considered by the Court in determining whether to grant the motion. Those factors are: (1) most importantly, whether the court is persuaded that participation by the *amicus* will be useful to it; (2) whether the parties oppose participation by the *amicus*; (3) the partisanship of the moving party; (4) the adequacy of the current representation to present the *amicus*' side of the argument; and (5) the timeliness of the motion. *Wolfchild v. United States*, 62 Fed.Cl. 521, 536 (2004), *rev'd on other grounds*, 559 F.3d 1228 (Fed. Cir. 2009); *Fluor Corp. v. United States*, 37 Fed.Cl. 284, 285-86(1996); *American Satellite Co. v. United States*, 22 Cl.Ct. 547, 549 (1991).

First, as the state-created public housing agencies authorized by their state laws to, among other things, administer the HUD Section 8 project-based assistance program on a statewide basis for the benefit of their respective citizens, the *Amici* are uniquely situated to illuminate the legal issue regarding the propriety of the NOFA's in-state PHA preference within the applicable federal and state statutory schemes governing housing issues. Certainly the *Amici* possess "specialized" knowledge regarding their authority and obligations relative to housing under their respective state laws which may be helpful to the Court in its resolution of the case.[1] *Wolfchild*, 62 Fed.Cl. at 536-37. The *Amici*'s brief does not take a position on whether HUD reasonably or properly documented and justified its decision to include the in-state PHA preference in the NOFA. Rather, it provides the Court with the statutory and constitutional

[1] Indeed, as the Court is aware, the attorneys general ("AG") for numerous states issued opinion letters to the effect that, under their respective state laws, only the state-created public housing agency with the duties and authority established by the legislatures are legally permitted to administer state and federal assistance programs related to the housing needs of the each state's residents. Contrary to the plaintiffs' assertions in their opposition briefs, these AG opinions were not solicited or even instigated by the NCSHA. Rather, it was because of the startling number of announced awards to out-of-state PHA instrumentalities, such as the plaintiffs, to administer the PBCA services in other states (such as those of four of the *Amici*) as a result of the subsequently-cancelled 2011 Invitation for Applications issued by HUD (due to the filing of 66 protests at the GAO) that many states sought and obtained an AG opinion addressing this significant issue.

reasons that this particular preference – regardless of whether HUD uses a NOFA or procurement instrument to obtain the PBCA services[2] – is not only legal but also entirely consistent with congressional intent in the Housing Act of 1937, as amended, and with state sovereignty interests.  For these reasons, the *Amici* believe that their participation will be useful to the Court with respect to this narrow issue.

Second, while there is logical opposition by the plaintiffs since it is their desire to unseat many in-state PHAs as a result of HUD's PBCA competitions, it cannot be said that there is unanimous opposition of the parties as was the case in both the *Fluor* and *American Satellite* cases. *Fluor*, 35 Fed.Cl. at 285; *American Satellite*, 22 Cl.Ct. at 548.  Moreover, for the reasons discussed below, the *Amici* contend that the fact the plaintiffs oppose the participation of any *amici* should not be weighed heavily by the Court because the existing parties have not fully and adequately presented the *Amici*'s side of the argument.

Third, while the *Amici*'s motion acknowledged partisanship on their part, their support for the in-state PHA preference, and thus HUD's side in this litigation, stems not from a pure commercial interest as was the case in *Flour* and *American Satellite* but rather from their vital interests in preserving and adhering to the statutory authority and obligations vested in them by their state legislatures to ensure that safe, affordable housing, through assistance programs and otherwise, is provided to their citizens.  Foreign entities, such as the plaintiffs, are not subject to

---

[2] In the event the Court decides that HUD must use a procurement instrument subject to the Competition in Contracting Act ("CICA") and Federal Acquisition Regulation ("FAR") to obtain the PBCA services, HUD may nonetheless justify the in-state PHA preference based on one, and possibly, two of the established exceptions to CICA's requirement to obtain full and open competition for the reasons described by the *Amici*.  Indeed, the in-state PHAs are the only responsible source for the statewide services because, under applicable state law, they are the sole legally-eligible sources to provide such services in their respective states. Moreover, the Housing Act of 1937, as amended, as well as applicable state statutes clearly authorize or require that in-state PHAs administer the HUD Section 8 project-based assistance program within their respective states.  *See* 41 U.S.C. §§ 3304(a)(1) and (5); 48 C.F.R. §§ 6.302-1, 6.302-5 and 9.104-1(g).

the same statutory obligations and restraints in jurisdictions other than their own that are imposed on the in-state PHAs, and they certainly do not share the same level of interest or concerns regarding the welfare of citizens not their own. Indeed, the sole interest of out-of-state instrumentalities, such as the plaintiffs, in serving as the PBCA in another state is monetary, and the administrative fees they would be paid surely will not enure to the benefit of another state's residents.

The fourth factor is tied to the third. The *Amici*'s support for the in-state PHA preference is premised upon statutory and state-sovereignty principles as explained in their *amicus curiae* brief (Docket Entry 45) and their interests clearly have not been fully or adequately represented by the parties. Plaintiffs, of course, do not advocate the *Amici*'s views. The Defendant's Motion to Dismiss, and in the Alternative, Motion for Judgment on the Administrative Record (Docket Entry 21) devoted a mere two (of the total 42) pages to the issue and did not delve into the legal and factual reasons underlying the legitimacy of the preference, as have the *Amici*. The Defendant's Reply Brief (Docket Entry 47) addressed the issue at pages 29-33, but essentially stated that it was proper for HUD to defer to state law – a position with which the *Amici* agree – in determining a PHA's authority and eligibility to administer the Section 8 project-based housing program on a statewide basis in a particular state. Defendant also asserted that it was reasonable for HUD to want to award the Annual Contribution Contracts ("ACC") to eligible, authorized PHAs for each state in order to avoid programmatic delays associated with legal challenges about an out-of-state agency or instrumentality's authority to perform the ACC services in another state.

The Reply Brief filed by Plaintiff-Intervenor Massachusetts Housing Finance Agency ("MassHousing") (Docket Entry 44) supports the in-state PHA preference but from an entirely

different perspective than the *Amici* because, contrary to the position of its fellow state-created PHAs, it has sided with the plaintiffs on the NOFA versus procurement issue. Thus, rather than provide the Court with the legal and factual bases founded upon statutory and state-sovereignty requirements and principles, MassHousing focused its arguments on HUD's ability to restrict competition under CICA and FAR authority. By contrast, the *Amici* contend that the in-state PHA preference is both legal and reasonable regardless of the instrument used to obtain the PBCA services because of these fundamental requirements and principles.

Finally, plaintiffs vigorously insist that the alleged "eleventh-hour" attempt to enter the fray by the NCSHA, and by implication the *Amici*, must be rejected by the Court as disruptive and prejudicial. It cannot be said, however, that the participation of the NCSHA and the *Amici* will "unreasonably delay the litigation" or that the plaintiffs will be deprived of the opportunity to respond to the *amicus curiae* briefs. *Fluor*, 35 Fed. Cl. at 286; *see also Wolfchild*, 62 Fed.Cl. at 537 (granting motions for leave to file *amicus* briefs even though they were filed after all briefing was completed and would result in delay of the litigation). Moreover, until the defendant filed its initial brief (Docket Entry 21) on January 4, 2013, the *Amici* could not have known that the Government was not going to fully and adequately represent their interests with respect to the in-state PHA preference. As soon as the defendant's brief was available, numerous in-state PHAs conferred among themselves to determine that their essential interests needed to be presented to the Court and, in accordance with their respective state laws, they proceeded to retain counsel in order to pursue the filing of their motion and *amicus* brief. Under the circumstances, the *Amici* acted as expeditiously as possible given the complicated and varied constraints imposed by their state laws to participate in this litigation as *amici curiae*.

Based on the foregoing and considering the relevant factors, the *Amici* respectfully submit that, on balance, those factors weigh in favor of granting the *Amici*'s motion for leave to file their *amicus* brief. Accordingly, the *Amici* request that the Court grant their motion and give due consideration to the arguments presented in the *amicus* brief regarding the in-state PHA preference issue.

Respectfully submitted,

/s/ Timothy Sullivan

Timothy Sullivan
Thompson Coburn, LLP
1909 K Street, N.W., Suite 600
Washington, D.C. 20006
(202) 585-6931
tsullivan@thompsoncoburn.com

Attorney of Record for *Amici Curiae* New Mexico Mortgage Finance Authority, Arizona Department of Housing, Delaware State Housing Authority, Kentucky Housing Corporation, Rhode Island Housing and West Virginia Housing Development Fund

Of Counsel:

Katherine S. Nucci
Kathleen E. Kraft
M. Loughran Potter
Thompson Coburn, LLP

Dated: January 31, 2013

**CERTIFICATE OF SERVICE**

I hereby certify that on this 31st day of January 2013, I caused the Response of *Amici* The New Mexico Mortgage Finance Authority, Arizona Department of Housing, Delaware State Housing Authority, Kentucky Housing Corporation, Rhode Island Housing and West Virginia Housing Development Fund to Plaintiffs' Oppositions to Motions for Leave to File *Amicus* Briefs to be served upon the parties through the Court's electronic filing system.

/s/ Timothy Sullivan
Timothy Sullivan