# In the United States Court of Federal Claims

No. 12-852C (and consolidated cases)

(Filed: February 1, 2013)

```
*******************************    *
                                   *
CMS CONTRACT MANAGEMENT            *
SERVICES, et al.,                  *
                                   *
            Plaintiffs,            *
                                   *
 v.                                *
                                   *
THE UNITED STATES,                 *
                                   *
            Defendant.             *
                                   *
*******************************    *
```

ORDER

Before the Court are two motions for permission to participate as *amicus curiae*, the first from the National Council of State Housing Authorities ("NCSHA") and the second from New Mexico Mortgage Finance Authority, Arizona Department of Housing, Delaware State Housing Authority, Kentucky Housing Corporation, Rhode Island Housing, and West Virginia Housing Development Fund, all of which are member state Housing Finance Agencies ("HFAs") of NCSHA.  The Plaintiffs oppose the motions; the Government and the Intervenor, Massachusetts Housing Finance Agency, take no position on them.

As the parties agree, the participation of an *amicus curiae* lies wholly within the discretion of the Court.  "In exercising this discretion, courts have considered such factors as: whether the parties oppose the information, the strength of information and argument presented by the potential *amicus curiae*'s interests, the partisanship of the moving entity, the adequacy of the current representation, the timeliness of the motion, and, perhaps most importantly, the usefulness of information and argument presented by the potential *amicus curiae* to the court."  Wolfchild v. United States, 62 Fed. Cl. 521, 536 (2004), *rev'd on other grounds by* 559 F.3d 1228 (Fed. Cir. 2009).

Applying these factors and exercising its discretion, the Court GRANTS the motion from NCSHA but DENIES the motion from the state HFAs.  The Court finds persuasive NCSHA's contention that, as the principal trade association for the nation's HFAs, it can provide the Court with useful information and context it might not otherwise receive regarding the statutory framework of project-based Section 8 programs and, in particular, the historical role of state HFAs within those programs.  It further finds that the interests of the HFAs that have requested separate and individual *amicus* participation will be adequately represented by NCSHA's participation in these proceedings.  Insofar as these HFAs possess individual interests that differ in some manner from their trade association, the Court finds that it would be neither practical nor economical for the Court to take these interests into account, where the programs at issue in this case operate according to federal law and policy.

According, the Court GRANTS NCSHA's motion for leave to participate as *amicus curiae* as well as its motion for leave to file an *amicus* brief.  It DENIES the same on the part of the individual state HFAs, and strikes from the record the *amicus* brief filed without leave by these entities.

IT IS SO ORDERED.

s/ Thomas C. Wheeler
THOMAS C. WHEELER
Judge