# In the United States Court of Federal Claims

Nos. 12-852C, 12-853C, 12-862C, 12-864C, & 12-869C

(Filed: September 29, 2015)

| | | |
|---|---|---|
| ************************************ | * | |
| CMS CONTRACT MANAGEMENT | * | |
| SERVICES; THE HOUSING AUTHORITY | * | |
| OF THE CITY OF BREMERTON; | * | |
| NATIONAL HOUSING COMPLIANCE; | * | |
| ASSISTED HOUSING SERVICES CORP.; | * | |
| NORTH TAMPA HOUSING | * | |
| DEVELOPMENT CORP.; CALIFORNIA | * | Bid Protest; Motion for Award of Bid |
| AFFORDABLE HOUSING INITIATIVES, | * | Preparation and Proposal Costs; |
| INC.; NAVIGATE AFFORDABLE | * | Agency's Prejudicial Error in |
| HOUSING PARTNERS; SOUTHWEST | * | Conducting Procurement; Causation |
| HOUSING COMPLIANCE CORP.; and | * | of Unnecessary Proposal Preparation |
| MASSACHUSETTS HOUSING FINANCE | * | Costs; Recovery of Reasonable |
| AGENCY, | * | Costs. |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | |
| | * | |
| THE UNITED STATES, | * | |
| | * | |
| Defendant. | * | |
| | * | |
| ************************************ | * | |

*Robert K. Tompkins*, with whom was *Kelly A. Krystyniak,* Holland & Knight LLP, Washington, D.C., for Navigate Affordable Housing Partners.

*Colm P. Nelson*, Foster Pepper PLLC, Seattle, Washington, for CMS Contract Management Services and the Housing Authority of the City of Bremerton.

*Neil H. O'Donnell*, with whom was *Dennis Callahan,* Rogers Joseph O'Donnell, San Francisco, California, for Assisted Housing Services Corp., North Tampa Housing Development Corp., and California Affordable Housing Initiatives, Inc.

*Jeremy W. Dutra*, Squire Sanders and Dempsey LLP, Washington, D.C., for Southwest Housing Compliance Corporation.

*William J. Grimaldi*, with whom were *Benjamin C. Mizer*, Principal Deputy Attorney General, *Robert E. Kirschman, Jr.*, Director, and *Kirk T. Manhardt*, Deputy Director, U.S. Department of Justice, Civil Division, Commercial Litigation Branch, Washington, D.C.; *Dorie Finnerman*, Of Counsel, U.S. Department of Housing and Urban Development, Washington, D.C., for Defendant.

OPINION AND ORDER REGARDING BID
PREPARATION AND PROPOSAL COSTS

WHEELER, Judge.

      This bid protest is before the Court on remand from the U.S. Court of Appeals for the Federal Circuit.  Plaintiffs were the prevailing parties on appeal, and most of them have now joined in a motion for the award of bid preparation and proposal costs.  Having won their bid protests, but not having received any resulting contracts from the procuring agency, Plaintiffs claim that their proposal preparation efforts were wasted, and they are entitled to recover their reasonable costs.  For the reasons explained below, the Court agrees with Plaintiffs, and the motion is GRANTED.

Background

      Plaintiffs, Public Housing Authorities and their non-profit subsidiaries, prevailed in a bid protest, CMS Contract Mgmt. Servs. v. Mass. Hous. Fin. Agency, 745 F.3d 1379 (Fed. Cir. 2014) *cert. denied subnom.* United States v. CMS Contract Mgmt. Servs., No. 14-781, 2015 WL 70573 (U.S. Apr. 20, 2015), and now seek the recovery of bid preparation and proposal costs under 28 U.S.C. § 1491.[1]  This case began as a series of protests at the Government Accountability Office ("GAO"), where the protesters challenged the acquisition method employed by the U.S. Department of Housing and Urban Development ("HUD").  CMS Contract Mgmt. Servs., B-406738 et al., 2012 CPD ¶ 236 (Aug. 15, 2012).  The GAO sustained those protests, but HUD determined that it would not follow GAO's recommendation.  The protesters then filed suit in the Court of Federal Claims, where the Court denied the protests and ruled in favor of the Government.  CMS Contract Mgmt. Servs. v. United States, 110 Fed. Cl. 537 (2013).  On appeal, the protesters obtained a favorable ruling from the Federal Circuit, and the Government then unsuccessfully sought review in the U.S. Supreme Court.  The factual background and lengthy procedural history are fully described in the previous decisions cited above, but for convenience are briefly summarized here.

---

[1] Plaintiff National Housing Compliance is not requesting bid preparation and proposal costs.

This case involves HUD's 2012 Notice of Funding Availability ("NOFA") to fund support for the management of its Project-Based Section 8 Housing Assistance Payment program.  From 1999 to 2010, HUD acquired these services on a nationwide basis through 53 separate Performance-Based Annual Contribution Contracts ("PBACCs"), one covering each state plus the District of Columbia, Puerto Rico, and the U.S. Virgin Islands.  HUD awarded the initial PBACCs on a competitive basis.  On February 25, 2011, HUD sought to re-compete the PBACCs.  Administrative Record ("AR") 522-43 ("Invitation for Submission of Applications").  Disappointed bidders filed protests at the GAO, prompting HUD to take corrective action.  AR 2843 (GAO Decision).  Subsequently, the GAO dismissed the protests.  Id.

On March 9, 2012, HUD issued a "Fiscal Year (FY) Notice of Funding Availability (NOFA) for the Performance-Based Contract Administrator (PBCA) Program for the Administration of Project-Based Section 8 Housing Assistance Payments Contracts," the document at issue in this bid protest.  AR 551-89.  In this NOFA, HUD requested state-specific information for each state in which an offeror wished to be considered, requiring the offeror to submit separate proposals for each state.  AR 555.  The NOFA directed offerors to include state-specific "Reasoned Legal Opinions" and "Supplemental Letters" signed by an "attorney authorized to practice law in the State from which [the offeror] applies. . . ."  Id.  Proposals were due by June 11, 2012.  AR 168.

On May 11, 2012, Plaintiffs[2] began filing pre-award protests at the GAO alleging that the PBACCs were procurement contracts and HUD's NOFA violated federal procurement law.  See, e.g., AR 496-520 (Jefferson County's protest).  Plaintiffs requested that HUD suspend the proposal process pending the GAO's decision.  See e.g., AR 22 (requesting automatic stay of award).  HUD declined, AR 135, and thus the protesters were required to prepare proposals to HUD while the GAO protests were progressing.  On August 15, 2012 the GAO sustained the protests.  AR 2838-52.  Disregarding the GAO's decision, HUD proceeded with the NOFA.

Plaintiffs then filed their respective actions in this Court, which were consolidated on December 13, 2012.  On April 30, 2013, this Court entered judgment in favor of the Government.  CMS Contract Mgmt. Servs., 110 Fed. Cl. 537.  Plaintiffs appealed.  On March 25, 2014, the Federal Circuit reversed, agreeing with Plaintiffs that the PBACCs were procurement contracts subject to federal procurement regulations and remanded to this Court for further proceedings.  CMS Contract Mgmt. Servs., 745 F.3d 1379.

On September 10, 2014, the Court held a status conference during which it invited Plaintiffs to file additional briefing in support of their request for bid preparation and

---

[2] The GAO protesters included all of the Plaintiffs here, except California Affordable Housing Initiatives, Inc. which has protested the 2012 NOFA only in this venue.

proposal costs.  Dkt. No. 118 at 14:15-21.  The parties have fully briefed the matter.  On September 21, 2015, the Court heard oral argument on Plaintiffs' motion.

Discussion

As permitted by the applicable statute granting jurisdiction over bid protests, the Court "may award any relief that the court considers proper, including declaratory and injunctive relief except that any monetary relief shall be limited to bid preparation and proposal costs."  28 U.S.C. § 1491(b)(2); see also Gentex Corp. v. United States, 58 Fed. Cl. 634, 656 (2003).

A disappointed bidder may recover bid preparation and proposal costs if the following conditions are satisfied: (1) the agency committed a prejudicial error in conducting a procurement; (2) the error caused the protester to incur unnecessary bid preparation and proposal costs; and (3) the protester shows that the costs it seeks to recover were reasonable and allocable.  Reema Consulting Servs., Inc. v. United States, 107 Fed. Cl. 519, 532 (2012).

A.  The Agency Committed Prejudicial Error in Conducting the Procurement

A successful protester is entitled to bid preparation costs where an agency conducted a procurement in violation of an applicable statute prejudicing the offeror.  CSE Const. Co. United States, 58 Fed. Cl. 230, 263 (2003).  Defendant does not contest that HUD violated federal procurement laws resulting in prejudicial error.  Rather, Defendant argues that Plaintiffs are not entitled to bid preparation costs because HUD did not conduct a procurement, and therefore Plaintiffs cannot recover costs under the applicable statute.  Def.'s Resp. 8 (citing 48 C.F.R. 31.20-18(a)).  Contrary to Defendant's assertion, the Federal Circuit found that the "PBACCs [were] procurement contracts and not cooperative agreements[,]" and were subject to federal procurement laws permitting recovery of bid preparation costs.  CMS Cont. Mgmt. Servs., 745 F.3d at 1385-86.

B.  The Error Caused Protesters to Incur Unnecessary Bid Preparation and Proposal Costs

Defendant contends that Plaintiffs did not incur unnecessary bid preparation costs because "Plaintiffs will presumably have the opportunity to resubmit prior proposals" in response to a new procurement, and allowing both injunctive and monetary relief provides a double recovery not permitted under 28 U.S.C. § 1491(b)(2).  Def.'s Resp. 9-10.  This argument assumes that making the PBACCs FAR-compliant will not substantially change the information an offeror must submit in its proposals.  For the reasons stated below, this outcome seems highly unlikely.

Defendant concedes that compliance with federal procurement law will "require numerous, significant programmatic changes not only to the structure of the competition awarding the [PBACCs] but also to the entire administration of the program." AR 3 (HUD Memorandum, "PBCA NOFA Status, Post-GAO Recommendations"). Indeed, HUD has not yet re-initiated a FAR-compliant procurement. Instead, it has continued the "contracts awarded between 1999 and 2005 to [P]laintiffs and others. . . . HUD plans to continue this practice for the foreseeable future as it restructures the program to be consistent with [federal procurement regulations]." Dkt. No. 121 (Def.'s April 27, 2015 Status Rep. 1). HUD is continuing this restructuring without a clear timeline for issuing a new procurement. Importantly, during oral argument on September 21, 2015, counsel for the Government was unable to provide information on when HUD would complete its restructuring, further attenuating the likelihood of an upcoming procurement. Realistically, it may be years before HUD issues any new procurement.

The Government's argument that monetary relief is improper because Plaintiffs will be able to resubmit their proposals amounting to a double recovery is similarly unpersuasive. Assuming HUD re-initiates a procurement, Plaintiffs will need to revise their three-year-old proposals containing state-specific legal opinions to respond to the "numerous, significant" changes HUD will need to make to comply with federal procurement laws. AR 3. Given the substantial anticipated changes to the PBACCs, the Court agrees with Plaintiffs that their bid proposal and preparation costs have been wasted. See, e.g., Beta Analytics Int'l v. United States, 75 Fed. Cl. 155, 159 (2007) (awarding bid proposal costs where re-evaluation of proposals was not practical). Moreover, HUD essentially caused the incurrence of the proposal preparation costs by requiring offerors to go forward with their proposals while the protests were pending at the GAO. If HUD had agreed to wait until the GAO decided the protests, the proposal preparation costs could have been avoided.

Further, the Court agrees with Plaintiffs that it is within the Court's discretion to grant both injunctive and monetary relief. The plain language of 28 U.S.C. § 1491(b)(2) permits the Court to award relief that it considers proper, including bid and proposal costs as well as injunctive relief. See 28 U.S.C. § 1491 (b)(2). The statute does not have a restriction that if the Court grants injunctive relief, monetary damages are not available. Accord MVM, Inc. v. United States, 47 Fed. Cl. 361, 366 (2000).

Defendant also asserts that Plaintiffs who did not specifically request bid preparation costs in their complaints may not recover such costs. Def.'s Resp. 5. However, Plaintiffs requested that the Court "[g]rant such other and further relief the court determines just and appropriate," see, e.g., dkt. no. 1 (CMS Compl. 12), which this Court has found sufficient for granting bid and proposal costs. See CSE Const. Co., 58 Fed. Cl. at 263. All of the Plaintiffs asserted their claims for proposal preparation costs at various times so that Defendant well understood that these costs were at issue.

C.  Recovery of Reasonable and Allocable Costs

Contrary to the Government's argument, it is within this Court's discretion to determine that Plaintiffs are entitled to bid preparation and proposal costs before ruling on the amount of costs that may be recovered.  See e.g., Idea Int'l, Inc. v. United States, 74 Fed. Cl. 129, 143 (2006) (awarding proposal costs and requiring the parties to submit a joint stipulation as to costs).  Recognizing the competitive nature of Plaintiffs' relationships with one other, the Court must devise a procedure that preserves the confidentiality of the individual cost claims.  This goal can be accomplished if Plaintiffs individually submit proposal preparation claims to the Department of Justice attorney of record who will convey them to HUD for review.  Plaintiffs shall submit their claims to the Department of Justice within 30 days, on or before October 29, 2015.  The Court will expect these claims to be resolved voluntarily before December 31, 2015.  If the claims are not resolved by December 31, 2015, Defendant shall file a status report with the Court by January 8, 2016 indicating when the cost resolution process will be completed.  The Court will enter final judgment upon being advised that all of Plaintiffs' cost claims have been resolved and paid.

Conclusion

For the reasons stated herein, the Court GRANTS Plaintiffs' motion for bid preparation and proposal costs.  The parties shall follow the procedure set forth above to resolve Plaintiffs' individual cost claims with the agency.

IT IS SO ORDERED.

s/Thomas C. Wheeler
THOMAS C. WHEELER
Judge